09-1094-ag
Chen v. Holder

BIA
A078 745 541

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of December, two thousand nine.

PRESENT:
        JOHN M. WALKER, JR.,
        ROBERT D. SACK,
        RICHARD C. WESLEY,
               *Circuit Judges.*

_____

PING GUI CHEN,
        *Petitioner,*

      v.                      09-1094-ag
                                    NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:      Michael Brown, New York, New York

FOR RESPONDENT:     Tony West, Assistant Attorney General, David V. Bernal, Assistant

**Director, Jesse M. Bless, Trial Attorney, Courtney A. Henson, Law Clerk, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Ping Gui Chen, a native and citizen of the People's Republic of China, seeks review of the February 24, 2009 order of the BIA denying his motion to reopen. *In re Ping Gui Chen*, No. A 078 745 541 (B.I.A. Feb. 24, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 503 U.S. 314, 322-23 (1992)). Here, the BIA did not abuse its discretion in denying Chen's motion to reopen as time barred. The regulations permit an alien to file one motion to reopen and require that it be filed within 90 days after the date on which a final administrative decision was rendered in the proceeding sought to be reopened. *See* 8 C.F.R. § 1003.2(c)(2). It is undisputed that Chen's motion to

2

reopen was untimely. However, the time limits do not apply to a motion to reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Such changes are typically referred to as "changed country conditions" and distinguished from "changed personal circumstances." *See, e.g., Jian Huan Guan v. BIA*, 345 F.3d 47, 49 (2d Cir. 2003).

The BIA reasonably found that Chen's decision to practice Falun Gong in the U.S. was a changed personal circumstance, not a changed country condition. *See id*. And we find no merit in Chen's argument that the BIA erred in declining to credit an unauthenticated, unsigned notice from the Kuiqi Village Committee stating that he would be persecuted on account of his Falun Gong activities in the U.S. *See Qin Wen Zheng*, 500 F.3d 143, 148-49 (2d Cir. 2007). Contrary to Chen's argument, it was not improper for the BIA to view with suspicion Chen's motion to reopen, and the evidence submitted therein, given its prior adverse credibility determination. *See id.; Borovikova v. U.S. Dep't of Justice*, 435 F.3d 151 (2d Cir. 2006).

3

We conclude that, the BIA did not err in denying Chen's untimely motion to reopen.  *See* 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii).

For the foregoing reasons, the petition for review is DENIED.  The pending motion for a stay of removal in connection with this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____